NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10218 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-01400-DGC |
| v. | |
| JOSE LUIS ORTEGA-SAAVEDRA, a.k.a. Luis Guzman, a.k.a. Jose Ortega, a.k.a. Smiper Ortega, a.k.a. Jose Ortega Guzman, a.k.a. Carlos Rodriguez, a.k.a. Shaggy, a.k.a. Sniper, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jose Luis Ortega-Saavedra appeals from the district court's judgment and

challenges the 40-month sentence imposed following his guilty-plea conviction for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortega-Saavedra contends that the district court procedurally erred at sentencing by failing adequately to explain its significant upward variance from the high end of the applicable Guidelines range. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court considered and discussed the advisory Guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, and explained at length the reasons for the variance and the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The court also considered Ortega-Saavedra's mitigating arguments. *See id.* at 358.

**AFFIRMED.**

17-10218